FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 AUG 24 AM 11: 32

MARGARET BOTKINS, CLERK
CASPER

**Frank Travis Green III**

629 Vine Street

Riverton, Wyoming 82501

Phone: 720-487-4431

Email: Ftgreen45@yahoo.com

**Frank Travis Green, Pro Se**

26 CV 249-SWS

# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF WYOMING
# CASPER DIVISION

**Frank Travis Green III,** ) **Case No:**

**Plaintiff** )

**Vs.** ) **COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**

**Wind River Tribal Court:** )

**Judge Kendra Hutado** )

**Judge Kevin Ferris** )

**Judge B. Gribens** )

**Eastern Shoshone DFS (Yuri Garvin)**

**Allison McWilliams WCADVSA Legal Program )**

**Shalene Velarde** )

**All officials acting under color of tribal authority )**

**Defendants**

# COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

**Basis of Jurisdiction:** Federal Question (28 U.S.C. § 1331) **Cause of Action:** Indian Civil Rights Act (ICRA) – Due Process, Equal Protection, Unlawful Tribal Jurisdiction **Nature of Suit:** Civil Rights – Other **Origin:** Original Proceeding **Requested Relief:** TRO, Preliminary Injunction, Declaratory Judgment **County:** Fremont County

(Indian Civil Rights Act + Constitutional Violations)

Plaintiff, **Frank Travis Green III**, alleges:

## I. JURISDICTION & VENUE

1. This Court has jurisdiction under **28 U.S.C. § 1331** (federal question).
2. Plaintiff brings claims under the **Indian Civil Rights Act (ICRA)**.
3. Venue is proper because the events occurred within the District of Wyoming.

## II. PARTIES

- **Plaintiff:** Frank Travis Green III, non-tribal member, resident of Riverton, Wyoming.

**Defendants:** Wind River Tribal Court, Judges Hutado, Ferris, and Judge B. Gribens, Eastern Shoshone DFS, Allison McWilliams WCADVSA Legal Program and Shalene Velarde.

## III. FACTUAL ALLEGATIONS

### A. Tribal Court Lacked Jurisdiction

1. Plaintiff is a **non-member**.
2. Plaintiff resides **off reservation**.
3. Petitioner resides **off reservation**.
4. The alleged incident occurred **off reservation**.
5. The three minor children have **never lived on the reservation**.
6. The children **currently reside off reservation**.
7. At the time of all filings, the children nor Shalene Velarde **lived on the reservation**.
8. Children's enrollment does **not** create jurisdiction under *Montana v. United States*.
9. Despite these facts, **Judge B. Gribens** issued a restraining order on **July 31, 2026**.

### B. Ongoing Tribal Case

10. Plaintiff has filed multiple motions challenging jurisdiction, due-process violations, and custody rulings.
11. These motions remain pending.
12. Tribal proceedings are ongoing, but Plaintiff is suffering **ongoing constitutional harm**.

### C. Judicial Bias

13. Judge Kendra Hutado had a prior personal relationship with the mother.
14. Plaintiff requested recusal.
15. Judge Hurtado refused and issued rulings favoring the mother.

### D. Judicial Inaction

16. Judge Kevin Ferris refused to act despite reports of medical neglect, physical neglect, unsafe living conditions, abandonment at daycare, and hygiene concerns.
17. Daycare and medical providers reported concerns; the court ignored them.

### E. DFS Failure to Protect

18. Eastern Shoshone DFS (Yuri Garvin) stated the tribal court "doesn't know what they are doing."
19. DFS refused to intervene despite documented danger.
20. Emergency filings were ignored or delayed.

### F. Ongoing Danger to the Children

21. Children suffered documented abuse, neglect, unsafe living conditions, lack of supervision, emotional deterioration, medical neglect, abandonment at daycare, and refusal of mother to allow father contact.
22. The July 17 custody order, severely limits Plaintiffs access to the children. The **July 31 restraining order issued by Judge B. Gribens** prevents Plaintiff from contacting and protecting his children.

### G. Discrimination

23. Tribal court repeatedly stated it was "more important for the children to stay in the tribe."
24. Plaintiff was denied custodial rights because he is **not Native**.
25. This violates equal protection and due process.

#### H. Misuse of State-Funded Victim Services and False Abuse Allegations:

Plaintiff alleges that Defendant Shalene Velarde knowingly misused the Wyoming Coalition Against Domestic Violence & Sexual Assault (WCADVSA) legal program by falsely claiming domestic violence and abuse that never occurred in order to obtain free legal representation and gain advantage in custody proceedings. No police reports, medical records, witness statements, or prior court filings support her allegations. Her misuse of a state-funded victim-services program constitutes fraud, misrepresentation, and abuse of resources intended for legitimate victims, and contributed to unlawful tribal actions, discriminatory treatment, and violations of Plaintiff's federal rights under the Indian Civil Rights Act.

Plaintiff asserts that Defendant Velarde's allegations of abuse are entirely unsupported. A review of available records reveals no police reports, no medical documentation, no witness statements, and no prior judicial findings of abuse. Her allegations were fabricated for the purpose of obtaining free legal services and influencing custody determinations, constituting fraud and misuse of victim-services resources.

26.Attorney McWilliams knowingly assisted Defendant Velarde in refiling restraining-order claims that had already been dismissed or adjudicated in prior tribal court proceedings. These repetitive filings were improper, retaliatory, and designed to circumvent prior court rulings. Refiling matters already decided by the court is unlawful, constitutes abuse of process, and violates the attorney's duty of candor, competence, and respect for judicial rulings. This conduct materially contributed to the ongoing violations of Plaintiff's federal rights.

## IV. CLAIMS FOR RELIEF

- **Count 1 — Due Process Violations (ICRA)**
- **Count 2 — Equal Protection Violations (ICRA)**
- **Count 3 — Tribal Court Acting Outside Jurisdiction**
- **Count 4 — Judicial Bias / Conflict of Interest**
- **Count 5 — Failure to Protect Children**
- **Count 6 — Declaratory Judgment (Invalid Tribal Orders)**

## V. RELIEF REQUESTED

Plaintiff requests:

1. Declaration that the tribal court lacked jurisdiction.
2. Declaration that the July 31 restraining order and July 17 custody rulings were issued without jurisdiction.
3. Emergency federal protection for the children.
4. TRO stopping enforcement of tribal orders.
5. Preliminary injunction.
6. Permanent injunction.
7. Custody of children to be given back to Plaintiff.
8. Any further relief the Court deems just.

## VI. REMEDIES REQUESTED

Plaintiff respectfully requests the following remedies pursuant to 28 U.S.C. § 1331, the Indian Civil Rights Act (ICRA), and this Court's equitable authority:

1. **Declaratory Relief** A declaration that the Wind River Tribal Court lacked jurisdiction over Plaintiff, a non-member residing off reservation, and that the July 31, 2026

restraining order and July 17 custody rulings issued by Judge B. Gribens and Kevin Ferris are voided and unenforceable.

2. **Temporary Restraining Order (TRO)** An immediate TRO restraining Defendants from enforcing the July 31, 2026 restraining order, July 17 custody orders, or any tribal directives restricting Plaintiff's parental rights or contact with his minor children.
3. **Preliminary Injunction** A preliminary injunction maintaining federal protection for Plaintiff and his minor children during the pendency of this action and prohibiting Defendants from issuing or enforcing further orders against Plaintiff outside lawful jurisdiction.
4. **Permanent Injunction** A permanent injunction preventing Defendants from:
    - enforcing unlawful tribal orders against Plaintiff,
    - restricting Plaintiff's parental rights,
    - discriminating against Plaintiff based on non-tribal status,
    - acting outside jurisdiction in future proceedings involving Plaintiff or his children.
5. **Monetary Relief** An award of monetary damages, including compensatory damages for emotional distress, loss of parental rights, interference with family integrity, and harm caused by unlawful tribal actions; and punitive damages as permitted by law for willful or reckless violations of Plaintiff's federal rights.
6. **Attorney's Fees and Costs** An award of reasonable attorney's fees, litigation expenses, and court costs pursuant to applicable federal statutes and equitable principles.
7. **Federal Oversight** An order requiring Defendants to comply with federal due-process and equal-protection standards and prohibiting further constitutional violations.

**8 Immediate Return of Custody to Plaintiff. Plaintiff respectfully requests that this Court order the return of physical custody of the minor children to Plaintiff for the duration of this federal action, on the grounds that (a) the July 31, 2026 restraining order and custody rulings issued by Judge B. Gribens and July 17, 2026 Kevin Ferris were entered without jurisdiction, (b) the children face ongoing and irreparable harm under current conditions, and (c) Plaintiff has been unlawfully prevented from exercising parental rights and protecting his children due to unconstitutional tribal actions.**

9. **Any Additional Relief** Any other relief the Court deems just, proper, and necessary to protect Plaintiff and his minor children.

## VII. CONSEQUENCES FOR DEFENDANTS IF FOUND LIABLE

If the Court determines that Defendants violated Plaintiff's rights under the Indian Civil Rights Act or acted outside lawful jurisdiction, Plaintiff requests that the Court impose the following consequences:

1. **Invalidation of Unlawful Orders** All tribal orders issued against Plaintiff, including the July 31, 2026 restraining order and related July 17 custody rulings, shall be declared invalid, void, and unenforceable.
2. **Prohibition on Future Enforcement** Defendants shall be prohibited from enforcing any tribal orders or directives against Plaintiff that exceed lawful jurisdiction or violate federal due-process or equal-protection standards.
3. **Restrictions on Judicial Authority** Tribal judges named in this action, including Judge Kendra Hutado, Judge Kevin Ferris, and Judge B. Gribens, shall be restrained from issuing further orders against Plaintiff or his minor children outside lawful jurisdiction.
4. **Mandatory Compliance with Federal Law** Defendants shall be required to comply with federal constitutional protections, including due process, equal protection, and non-discrimination requirements, in all future interactions with Plaintiff and his children.
5. **Monetary Liability** Defendants may be held financially liable for compensatory damages, punitive damages (where permitted), and any harm caused by unlawful actions, discrimination, or violations of Plaintiff's federal rights.
6. **Attorney's Fees and Costs** Defendants may be required to pay Plaintiff's attorney's fees, litigation expenses, and court costs if the Court determines such an award is appropriate.
7. **Federal Monitoring and Oversight** The Court may retain jurisdiction to monitor compliance and ensure Defendants do not engage in further unlawful conduct or constitutional violations.
8. **Additional Equitable Relief** Any additional equitable or injunctive relief necessary to prevent future harm to Plaintiff or his minor children.

**Respectfully submitted, Frank Travis Green III** 629 Vine Street Riverton, Wyoming 82501
Date: Aug 5, 2026