FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2026 AUG 24 AM 11: 32
MARGARET BOTKINS, CLERK
CASPER

**Frank Travis Green III**

629 Vine Street

Riverton, Wyoming 82501

Phone: 720-487-4431

Email: Ftgreen45@yahoo.com

**Frank Travis Green, Pro Se**

# UNITED STATES DISTRICT COURT

# DISTRICT COURT OF WYOMING

# CASPER DIVISION

**Frank Travis Green III,** ) **Case No:** 26cv249-SWS

**Plaintiff** )

**Vs.** ) **MOTION FOR PRELIMINARY INJUNCTION**

**Wind River Tribal Court:** )

**Judge Kendra Hutado** )

**Judge Kevin Ferris** )

**Judge B. Gribens** )

**Eastern Shoshone DFS (Yuri Garvin) )**

**Shalene Velarde** )

**Allison McWilliams WCADVSA Legal Program )**

**All officials acting under color of tribal authority )**

# MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, **Frank Travis Green III**, respectfully moves this Court for a **Preliminary Injunction** pursuant to Rule 65 of the Federal Rules of Civil Procedure.

A preliminary injunction is necessary to maintain protection for Plaintiff and his minor children while this Court considers the merits of Plaintiff's federal civil-rights claims.

# I. INTRODUCTION

On **July 31, 2026**, **Judge B. Gribens** issued a restraining order and on July 17, 2026 Kevin Ferris issued a custody determinations **without jurisdiction**, **without due process**, and **without evidence**. These orders continue to cause ongoing harm.

The children remain in danger, and tribal authorities have refused to act. A preliminary injunction is required to prevent further constitutional violations and protect the children.

# II. FACTUAL BASIS

Plaintiff incorporates by reference all factual allegations contained in:

- the **Federal Civil Rights Complaint**, and
- the **Emergency Motion for Temporary Restraining Order (TRO)**.

These include:

- lack of jurisdiction
- judicial bias
- judicial inaction
- DFS failure to protect
- ongoing danger to the children
- discrimination based on tribal status
- unlawful enforcement of the July 31 restraining order

# III. LEGAL STANDARD

A preliminary injunction requires:

1. **Likelihood of success on the merits**
2. **Irreparable harm**
3. **Balance of equities** favoring Plaintiff
4. **Public interest** supporting relief

Plaintiff meets all four requirements.

# IV. ARGUMENT

## A. Likelihood of Success

The tribal court acted outside jurisdiction and violated Plaintiff's rights under the **Indian Civil Rights Act (ICRA)**.

## B. Irreparable Harm

The July 31 restraining order and July 17 custody order continues to prevent Plaintiff from protecting his children.

## C. Balance of Equities

Protecting children outweighs any interest in enforcing unlawful tribal orders.

## D. Public Interest

Federal courts have a duty to prevent constitutional violations and protect children.

E. Immediate Custody Relief Is Necessary to Prevent Further Harm

The minor children are currently exposed to ongoing danger, including medical neglect, physical neglect, abandonment at daycare, unsafe living conditions, and emotional deterioration. Tribal authorities have refused to act despite multiple reports from daycare providers, medical professionals, and Plaintiff. The July 17 custody order issued by Kevin Ferris and the July 31, 2026 restraining order issued by Judge B. Gribens unlawfully prevents Plaintiff from protecting his children and was entered without jurisdiction, without due process, and without evidence.

Federal courts have authority to grant temporary custody relief when children face imminent harm and when tribal or state courts have acted outside lawful jurisdiction. Immediate return of custody to Plaintiff is necessary to prevent further irreparable harm and to ensure the safety and well-being of the minor children while this Court reviews Plaintiff's federal civil-rights claims.

# V. RELIEF REQUESTED

Plaintiff respectfully requests:

1. A **Preliminary Injunction** restraining enforcement of the July 17,2026 custody order issued by Kevin Ferris and the July 31, 2026 restraining order issued by **Judge B. Gribens**.
2. A **Preliminary Injunction** restraining enforcement of tribal custody orders.
3. An order prohibiting tribal officials from restricting Plaintiff's contact with his children.
4. Continued federal protection for the minor children.
5. Any additional relief the Court deems just.

**Respectfully submitted, Frank Travis Green III** 629 Vine Street Riverton, Wyoming 82501
Date: Aug 5, 2026

# AFFIDAVIT OF FRANK TRAVIS GREEN III

**AFFIDAVIT OF FRANK TRAVIS GREEN III**

I, **Frank Travis Green III**, declare under penalty of perjury:

- I am a non-member.
- I live off reservation.
- My children have **never lived on the reservation**.
- The tribal court acted outside jurisdiction.
- Judges acted with bias.
- DFS refused to protect my children.
- My children are in danger.
- The **July 31 restraining order issued by Judge B. Gribens** is harming my ability to protect them.
- I am being discriminated against because I am not Native.

**Signature:** [signature] III **Date:** Aug 7, 2026

**Notary Block:** STATE OF WYOMING COUNTY OF Fremont Subscribed and sworn before me on this 7th day of August, 20 26. Notary Signature: Theresa A. Vasquez
Commission Expires: 1-12-2032

THERESA A. VASQUEZ
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 172030
MY COMMISSION EXPIRES: 01/12/2032

# 6. EXHIBITS A–Z

Attach in this order:

- **Exhibit A — July 31, 2026 Restraining Order (Judge B. Gribens)**
- **Exhibit B — Daycare Reports**
- **Exhibit C — Medical Neglect Evidence**
- **Exhibit D — Photos of Unsafe Conditions**
- **Exhibit E — DFS Statements**
- **Exhibit F — Prior Tribal Motions**
- **Exhibit G — Evidence of Judicial Bias**
- **Exhibit H — Evidence of Discrimination**

# 7. SUMMONS FOR EACH DEFENDANT

Prepare a summons for:

- Wind River Tribal Court
- Judge Kendra Hutado
- Judge Kevin Ferris
- **Judge B. Gribens**
- Eastern Shoshone DFS
- Yuri Garvin
- Shalene Velarde

The clerk will issue them.