FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2026 AUG 24 AM 11: 32
MARGARET BOTKINS, CLERK
CASPER

**Frank Travis Green III**

629 Vine Street

Riverton, Wyoming 82501

Phone: 720-487-4431

Email: Ftgreen45@yahoo.com

**Frank Travis Green, Pro Se**

# UNITED STATES DISTRICT COURT

# DISTRICT COURT OF WYOMING

# CASPER DIVISION

**Frank Travis Green III,** ) **Case No:** 26 CV 249. SWS

**Plaintiff** )

**Vs.** ) **EMERGENCY MOTION FOR TEMPORARY**

**Wind River Tribal Court:** ) **RESTRAINING ORDER (TRO)**

**Judge Kendra Hutado** )

**Judge Kevin Ferris** )

**Judge B. Gribens** )

**Eastern Shoshone DFS (Yuri Garvin) )**

**Shalene Velarde** )

**Allison McWilliams WCADVSA Legal Program )**

**All officials acting under color of tribal authority )**

**Defendants**

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO)

Plaintiff, **Frank Travis Green III**, respectfully moves this Court for an **Emergency Temporary Restraining Order** pursuant to Rule 65 of the Federal Rules of Civil Procedure. Immediate federal intervention is required to prevent ongoing constitutional harm, protect minor children from imminent danger, and restrain enforcement of tribal orders issued without jurisdiction.

# I. INTRODUCTION

Plaintiff is a **non-tribal member** residing off reservation. On **July 31, 2026**, **Judge B. Gribens** of the Wind River Tribal Court issued a **restraining order** and made custody determinations **without jurisdiction**, **without due process**, and **without evidence**. These orders are currently being enforced and are causing **ongoing, irreparable harm** to Plaintiff and his minor children.

The children are in **immediate danger**, and tribal authorities have refused to act. A TRO is urgently needed to prevent further harm while this Court considers Plaintiff's federal civil-rights claims.

# II. FACTUAL BASIS FOR EMERGENCY RELIEF

## A. Tribal Court Lacked Jurisdiction

- Plaintiff is a **non-member**.
- Plaintiff resides **off reservation**.
- Petitioner resides **off reservation**.
- The alleged incident occurred **off reservation**.
- The three minor children have **never lived on the reservation**.
- The children **currently reside off reservation**.
- At the time of filing, the children **did not live on the reservation**.
- Children's enrollment does **not** create jurisdiction under *Montana v. United States*.
- Despite these facts, **Judge B. Gribens** issued a **July 31, 2026 restraining order** and custody rulings.

## B. Judicial Bias & Conflict of Interest

- Judge Kendra Hutado had a prior personal relationship with the mother.

# III. LEGAL STANDARD FOR TRO

A TRO is appropriate when the movant shows:

- **Likelihood of success on the merits**
- **Irreparable harm**
- **Balance of equities favors relief**
- **Relief is in the public interest**

Plaintiff meets all four requirements.

Attorney Allison McWilliams, acting through the WCADVSA legal program, assisted Defendant Shalene Velarde in filing multiple unlawful and unsupported actions in the Wind River Tribal Court. These filings included restraining orders based on issues already addressed, dismissed, or previously adjudicated by the tribal court, as well as restraining orders filed on behalf of an adult cousin and a minor sister whom Defendant Velarde does not have custody of. These actions were improper, outside the scope of tribal jurisdiction, and constituted frivolous litigation and harassment. Attorney McWilliams's participation in these filings contributed directly to the unlawful restrictions placed on Plaintiff and to the ongoing violations of Plaintiff's federal rights.

# IV. ARGUMENT

## A. Plaintiff Is Likely to Succeed on the Merits

The tribal court acted outside jurisdiction, violated due process, ignored evidence, and discriminated based on tribal status — all violations under the **Indian Civil Rights Act (ICRA)**.

## B. Plaintiff Faces Irreparable Harm

The **July 31 restraining order** prevents Plaintiff from protecting his children from ongoing danger.

## C. Balance of Equities Strongly Favors Plaintiff

Federal intervention protects children and prevents unlawful enforcement of tribal orders.

## D. Public Interest Supports Granting a TRO

Federal courts have a duty to prevent constitutional violations and protect children from harm.

# V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. **Temporarily restrain enforcement** of the July 31, 2026 tribal restraining order issued by **Judge B. Gribens** and the July 17, 2026 issued by Kevin Ferris.
2. **Temporarily restrain enforcement** of tribal custody orders.
3. **Prohibit tribal officials** from restricting Plaintiff's contact with his children.
4. **Order immediate federal protection** for the minor children.
5. **Immediate Return of Custody to Plaintiff. Plaintiff respectfully requests that this Court order the immediate return of physical custody of the minor children to Plaintiff, pending further federal review, on the grounds that (a) the July 17, 2026 custody order AND July 31, 2026 restraining order determinations were issued without jurisdiction, (b) the children are in imminent danger under current conditions, and (c) Plaintiff has been unlawfully prevented from protecting his children due to unconstitutional tribal actions.**
6. **E. Immediate Custody Relief Is Necessary to Prevent Further Harm**

7. **The minor children are currently exposed to ongoing danger, including medical neglect, physical neglect, abandonment at daycare, unsafe living conditions, and emotional deterioration. Tribal authorities have refused to act despite multiple reports from daycare providers, medical professionals, and Plaintiff. The July 31, 2026 restraining order issued by Judge B. Gribens and July 17, 2026 unlawfully prevents Plaintiff from protecting his children and was entered without jurisdiction, without due process, and without evidence.**

8. **Federal courts have authority to grant temporary custody relief when children face imminent harm and when tribal or state courts have acted outside lawful jurisdiction. Immediate return of custody to Plaintiff is necessary to prevent further irreparable harm and to ensure the safety and well-being of the minor children while this Court reviews Plaintiff's federal civil-rights claims.**

9. **Temporary Restraint Against Attorney Misconduct. Plaintiff respectfully requests that this Court restrain Attorney Allison McWilliams, acting through the WCADVSA legal program, from filing or assisting in the filing of any further restraining orders, motions, or actions against Plaintiff that (a) have already been adjudicated or dismissed by the Wind River Tribal Court, (b) exceed lawful jurisdiction, or (c) involve individuals whom Defendant Velarde does not have custody of or legal authority to represent. Plaintiff further requests that the Court prohibit Attorney McWilliams from participating in any future actions that contribute to harassment, discrimination, or violations of Plaintiff's federal rights during the pendency of this matter.**
10. **Grant any additional relief the Court deems just.**

**Respectfully submitted, Frank Travis Green III** 629 Vine Street Riverton, Wyoming 82501
Date: Aug 5, 2026