FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 AUG 28 AM 10:47

MARGARET BOTKINS, CLERK
CASPER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

FRANK TRAVIS GREEN III,

Plaintiff,

v.

WIND RIVER TRIBAL COURT, JUDGE KENDRA HURTADO, JUDGE KEVIN FERRIS, JUDGE B. GRIBENS, EASTERN SHOSHONE DFS (YURI GARVIN), ALLISON McWILLIAMS, and SHALENE VELARDE,

Defendants.

Case No. 26-CV-249-SWS

**ORDER DISMISSING COMPLAINT ON INITIAL IFP SCREENING**

This matter comes before the Court on Plaintiff Frank Travis Green's *pro se* Complaint for Civil Rights Violations (ECF 1), Motion to Proceed In Forma Pauperis (ECF 2), Motion for Preliminary Injunction (ECF 3), and Emergency Motion for Temporary Restraining Order (ECF 4).

## INTRODUCTION

Liberally construing his assertions, Plaintiff alleges that while he is not a member of an Indian tribe, he does not reside on the Wind River Indian Reservation, his three minor children are enrolled tribal members but have never resided on the reservation, and their mother does not currently reside on the reservation, the Wind River Tribal Court has entered court orders against him, including a child custody ruling on July 17, 2026, and a protection order on July 31, 2026, which are without jurisdiction and have harmed him and his minor children. (*See* ECF 1 pp. 2-5; ECF 3 pp. 2-3; ECF 4 p. 2.) Immediately, he seeks a temporary restraining order and preliminary

injunction precluding enforcement of the tribal court's orders and rulings (ECF 3, 4), and ultimately he seeks a declaratory judgment, a permanent injunction, and monetary damages (ECF 1 p. 5).

## STANDARD FOR SCREENING PRO SE COMPLAINTS

Because Plaintiff seeks to proceed *in forma pauperis* in this action without the prepayment of court costs or fees, the litigation process generally begins with the Court screening his complaint under 28 U.S.C. § 1915. *See Buchheit v. Green*, 705 F.3d 1157, 1160-61 (10th Cir. 2012) (noting that prompt screening, even for cases involving non-prisoners, is "a good practice and more efficient" and "may be a good thing and conserve the resources of defendants forced to respond to baseless lawsuits"). Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement … of any suit, action or proceeding … without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." Section 1915(e)(2)(B) requires a district court to dismiss the case anytime the court determines the action "is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief." *See Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir. 2009).

To show the existence of a viable claim for relief, Federal Rule of Civil Procedure 8 requires the complaint to contain the following: "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." To satisfy Rule 8 and set forth a viable claim in federal court, the plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the

plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). This minimum of information provides notice to the opposing party of the claim(s) at issue and allows the Court to determine whether, if the allegations were proven at a trial, the claim(s) would permit legal relief.

For § 1915 screening purposes, the Court accepts a plaintiff's factual allegations as true and construes all reasonable inferences drawn from those allegations in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Additionally, because Plaintiff proceeds without the assistance of an attorney, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**DISCUSSION**

Plaintiff's complaint asserts violations of the Indian Civil Rights Act (ICRA) in Claims 1 and 2, as well as claims for lack of tribal court jurisdiction (Claim 3), tribal court judicial bias (Claim 4), failure to protect children (Claim 5), and a demand for declaratory judgment invalidating the tribal court orders (Claim 6). (ECF 1 p. 4.)

Plaintiff's complaint is replete with conclusory assertions but very light on factual allegations explaining what actually happened. For example, a non-exhaustive list of Plaintiff's conclusory assertions include the following:

- "[Tribal Court] Judge Kendra Hu[r]tado had a prior personal relationship with the [minor children's] mother." (ECF 1 p. 3.)
  -What was the nature of the alleged relationship that creates judicial bias?
- "Daycare and medical providers reported concerns; the [tribal] court ignored them." (ECF 1 p. 3.)
  -What concerns were reported by whom and to whom?
- "Children suffered documented abuse, neglect, unsafe living conditions, lack of supervision, emotional deterioration, medical neglect, abandonment at daycare, and

refusal of mother to allow father contact." (ECF 1 p. 3.)

-When did these events happen? Where did they happen? Who was involved? Who "documented" it?

- "DFS refused to intervene despite documented danger." (ECF 1 p. 3.)

  -Were reports made to DFS? When? What did the reports say? Who "documented" the danger? What was the "danger?" What was DFS's response?

- "Emergency filings were ignored or delayed." (ECF 1 p. 3.)

  -What were the filings? When were they filed? To whom were they submitted? What facts or evidence support the conclusion that the filings were ignored or delayed?

- "Plaintiff was denied custodial rights because he is not Native." (ECF 1 p. 3.)

  -What facts or evidence support this conclusion? Did someone expressly say this or write this, or is this based on circumstantial evidence?

- "This violates equal protection and due process." (ECF 1 p. 3.)

  -Whose rights were violated? Where do the rights originate from? How were these rights violated? What facts or evidence support the conclusion that certain rights have been violated?

- "Attorney McWilliams knowingly assisted Defendant Velarde in refiling restraining-order claims that had already been dismissed or adjudicated in prior tribal court proceedings. These repetitive filings were improper, retaliatory, and designed to circumvent prior court rulings." (ECF 1 p. 4.)

  -What were the claims? Do they cover identical alleged conduct? What, where, and when were the prior proceedings? What were the prior rulings?

Conclusory assertions without supporting facts are not limited to the complaint as Plaintiff's separate motion for temporary restraining order (ECF 4) and motion for preliminary injunction (ECF 3) also suffer from the same problems.

Putting aside the many shortcomings in Plaintiff's complaint for the time being, though, the Court determines Plaintiff's claims alleging violations of ICRA must be dismissed with prejudice for failing to state a claim on which relief can be granted while the remaining claims will be dismissed without prejudice to refiling for lack of tribal court exhaustion.

**1. <u>The Indian Civil Rights Act (ICRA) does not provide Plaintiff a private cause of action against a tribe or tribal official.</u>**

The law is well settled, and has been since the 1970s, that "ICRA does not authorize the maintenance of suits against a tribe nor does it constitute a waiver of sovereignty." *Walton v. Tesuque Pueblo*, 443 F.3d 1274, 1278 (10th Cir. 2006) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978)). "Further, the ICRA does not create a private cause of action against a tribal official." *Id.* (citing *Santa Clara Pueblo*, 436 U.S. at 72). The only cause of action that a federal court has jurisdiction to consider under ICRA is one for habeas corpus, 25 U.S.C. § 1303, and Plaintiff has not requested habeas corpus relief here (nor has he alleged he is being detained). *See Oviatt v. Reynolds*, 733 F. App'x 929, 931-32 (10th Cir. 2018) (stating that ICRA only "authorizes relief in the form of a writ of habeas corpus" but plaintiffs in that case had "not alleged they were detained when they filed").

ICRA simply does not provide a legal basis for Plaintiff to bring his claims alleging violation of ICRA. Consequently, Plaintiff's claims allegedly brought pursuant to ICRA for due process violation (Claim 1) and equal protection violations (Claim 2) must be dismissed with prejudice for their failure to assert a legally-viable claim on which relief can be granted. That is, "the law simply affords no relief" on Plaintiff's Claims 1 and 2. *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011).

**2. <u>The remaining claims are premature and must be exhausted in tribal court before being brought in federal district court.</u>**

At least one of Plaintiff's remaining, non-ICRA, claims appears legally viable, but the issue must be presented to the tribal court and fully exhausted in that forum before it can be considered in a federal court forum. In Claim 3, Plaintiff contends the Wind River Tribal Court lacks jurisdiction over him because he is not a tribal member and does not reside on the Wind River

Indian Reservation. (ECF 1 pp. 2, 4.) Accordingly, says Plaintiff, the tribal court's orders and rulings entered against him are invalid. He asks the Court to declare the tribal court's actions invalid and restrain the enforcement of the orders and rulings against him.

A federal court's "federal question" jurisdiction under 28 U.S.C. § 1331 allows the federal court to determine "whether a tribal court has exceeded the lawful limits of its jurisdiction." *Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 853 (1985); *see Calumet Gaming Grp.-Kansas, Inc. v. Kickapoo Tribe of Kansas*, 987 F. Supp. 1321, 1325 (D. Kan. 1997) ("Count I of Calumet's complaint, by which it challenges the scope of the Tribal Court's jurisdiction, raises a federal question under section 1331."). The catch, though, is that generally the federal court should not consider the issue until after the issue has been addressed and exhausted within the tribal court system. "[T]he determination of whether tribal courts have subject matter jurisdiction over non-Indians in civil cases 'should be conducted in the first instance in the Tribal Court itself[.]'" *Enlow v. Moore*, 134 F.3d 993, 995 (10th Cir. 1998) (quoting *Nat'l Farmers*, 471 U.S. at 856). "Federal courts typically should abstain from hearing cases that challenge tribal court jurisdiction until tribal court remedies, including tribal appellate review, are exhausted." *Norton v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 862 F.3d 1236, 1242 (10th Cir. 2017) (cleaned up). "The tribal exhaustion rule is the result of Congress' strong interest in promoting tribal sovereignty, including the development of tribal courts." *Enlow*, 134 F.3d at 995 (cleaned up). "Because the existence and extent of a tribal court's jurisdiction will require a careful examination of tribal sovereignty and the extent to which that sovereignty has been altered, divested, or diminished, that examination should be conducted in the first instance in the Tribal Court itself." *Norton*, 862 F.3d at 1243 (cleaned up).

Here, Plaintiff's complaint makes clear that the issue of the tribal court's jurisdiction over

Plaintiff and other challenges to the tribal court's actions have not been exhausted. The complaint asserts, "Plaintiff has filed multiple motions challenging jurisdiction, due-process violations, and custody rulings," but those motions "remain pending." (ECF 1 p. 2.) Accordingly, those issues have not been adequately exhausted through the tribal court system. "Until the tribal court's appellate review of the question presented in federal court is complete, the complaining party has not exhausted its tribal court remedies." *Thlopthlocco Tribal Town v. Stidham*, 762 F.3d 1226, 1237 (10th Cir. 2014).

Therefore, the tribal exhaustion rule requires Plaintiff to fully present his arguments to the tribal court and exhaust his tribal court remedies, including appellate review, before bringing his arguments to a federal court.[1] The same applies to Plaintiff's requests for injunctive relief. *See id.* at 1242 (noting the request for a preliminary injunction in the federal court was premature where tribal exhaustion was still required). "After exhaustion, the [Plaintiff] can ask the district court to consider injunctive relief based on the status of the case at that time."[2] *Id.*

**CONCLUSION AND ORDER**

Upon preliminarily screening this pro se complaint under 28 U.S.C. § 1915, the Court determines Plaintiff's claims alleging violations of the Indian Civil Rights Act (ICRA) must be dismissed with prejudice because ICRA does not create a private cause of action against a tribe or tribal officials. Additionally, the remaining claims will be dismissed without prejudice for lack of tribal exhaustion. *See Thlopthlocco Tribal Town*, 762 F.3d at 1241 ("A court has the discretion to

---

[1] The tribal exhaustion rule is subject to several exceptions, *see Norton*, 862 F.3d at 1243, but the complaint does not allege that any exception applies here. "A party seeking an exception [to tribal exhaustion] bears the burden of making a substantial showing of eligibility." *Id.* (cleaned up). Additionally, the Court's initial screening does not identify any exception that would evade the tribal exhaustion requirement in this case.

[2] Plaintiff's motion for preliminary injunction asserted that several exhibits were included with it (ECF 3 p. 5), but Plaintiff did not file or provide any such exhibits.

either dismiss or stay proceedings in such matters pending tribal court exhaustion.") (citing 186 A.L.R. Fed. 27, *2a). The Court does not offer any finding or ruling as to the legal viability or plausibility of the claims dismissed without prejudice but simply finds they are premature and may not be considered by a federal court until Plaintiff has completed tribal exhaustion for those claims.

**IT IS THEREFORE ORDERED** that, pursuant to 28 U.S.C. § 1915, Plaintiff's claims alleged under the Indian Civil Rights Act (ICRA), Claims 1 and 2, are hereby **DISMISSED WITH PREJUDICE** for failure to state a legally-viable claim on which relief can be granted.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, Plaintiff's non-ICRA claims, Claims 3 through 6, are hereby **DISMISSED WITHOUT PREJUDICE** for failure to complete tribal court exhaustion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis (ECF 2), Motion for Preliminary Injunction (ECF 3), and Emergency Motion for Temporary Restraining Order (ECF 4) are hereby **DISMISSED AS MOOT**.

The Clerk of Court will please enter a general judgment of dismissal in Defendants' favor and close this case.

**ORDERED:** August 28th, 2026.

Scott W. Skavdahl
United States District Judge